IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Julie Rodriguez,<br><br>     Plaintiff,<br><br>v.<br><br>Economic Group Pension Services, Inc.;<br>Krish Actuarial, Inc.; and<br>Economic Group Pension Services LLC,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**Introduction**

This is an employment law case. Plaintiff Julie Rodriguez ("Rodriguez") was jointly employed by Defendants Economic Group Pension Services, Inc. ("EGPS" or "EGPS, Inc."), Krish Actuarial, Inc. ("Krish"), and Economic Group Pension Services LLC ("EGPS LLC") (collectively "Defendants"). Defendants failed to pay Rodriguez for her overtime work, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").[1]

---

[1] Rodriguez is asserting her FLSA claims now and, after exhausting her administrative remedies, she will amend her Complaint to add a claim that Defendants discriminated against her on the basis of age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA").

**Parties**

1.    Plaintiff Julie Rodriguez ("Rodriguez") is an individual residing in Wichita, Kansas.

2.    Defendant Economic Group Pension Services, Inc. ("EGPS") is a New York corporation. Its corporate headquarters is located at 207 West 25th Street, Ninth Floor, New York, NY 10001.

3.    Defendant Krish Actuarial, Inc. is a New York corporation. Its corporate headquarters is located at 207 West 25th Street, Ninth Floor, New York, NY 10001.

4.    Defendant Economic Group Pension Services LLC ("EGPS LLC") is a Delaware limited liability company. Its corporate headquarters is located at 207 West 25th Street, Ninth Floor, New York, NY 10001.

**Jurisdiction and Venue**

5.    This Court has subject matter jurisdiction over Rodriguez's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**Facts**

7.    EGPS is a third-party administrator that provides plan design, administration, actuarial consulting, and fiduciary services for all types of retirement plans.

8.    Rodriguez began her employment with Defendants in December 2019.

9.    Defendants provided Rodriguez with conflicting and inconsistent information about which of them employed her.

10.    At numerous times during her employment, Defendants told Rodriguez she was employed by EGPS.

11.    On October 29, 2024, Defendants notified Rodriguez that her employment with EGPS was being terminated effective that day. It was signed by an officer of EGPS on behalf of EGPS.

12.    On that same day, Defendants provided Rodriguez with a legal notice, attached to her termination notice, stating that she had been employed by and was terminated by EGPS LLC (not EGPS, Inc.).

13.    During and after her employment, Defendants issued Rodriquez earnings statements (including her last one), W2s (including the one for 2024), and other tax, employment, and benefits-related documents, stating that her employer was Krish Actuarial, Inc.

14.    In another document issued to employees, Defendants stated (without explanation) that employees were "part of Economic Group Pension Services, Inc. and Krish Actuarial, Inc. (collectively "EGPS" or the "Company")."

15.    At the time she began her employment with Defendants, Rodriguez held the position Transaction Specialist ("TS").

16.    In Fourth Quarter 2022, Defendants promoted Rodriguez to the position Lead Transaction Specialist ("LTS").

17.    As a TS and LTS, Rodriguez performed job duties that were subject to the FLSA's overtime requirements, *i.e.*, she was "non-exempt." Thus, Defendants were legally required to pay her overtime at the rate of one-and-one-half times her regular rate for all time worked in excess of 40 hours per week.

18.    However, Defendants misclassified Rodriguez as exempt and thus failed to pay her at the required overtime rate for the time she worked in excess of 40 hours per week.

19.    Rodriguez routinely worked more than 40 hours per week, but Defendants failed to pay her overtime pay for her overtime work.

20.    Defendants properly classified other TSs and LTSs as non-exempt and paid them on an hourly basis, including paying them at the time-and-a-half overtime rate for all time worked in excess of 40 hours per week.

21.    Defendants' internal documents state that the TS and LTS positions are non-exempt.

22.    Rodriguez's manager told her she was misclassified as exempt and should be paid overtime.

23.    Defendants are joint employers, co-employers, or otherwise jointly and severally responsible for the legal violations and jointly and severally liable for all damages alleged in this action.

## Legal Claims[2]

24.    Rodriguez incorporates by reference all other paragraphs of this Complaint.

25.    Defendants are an employer or employers covered by the FLSA.

26.    Defendants employed Rodriguez, and she was an employee covered by the FLSA.

27.    Rodriguez performed non-exempt work, but Defendants failed to pay her overtime at the rate of one-and-one-half times her regular rate for all time worked in excess of 40 hours per week, in violation of the FLSA.

---

[2]Rodriguez reserves the right to amend her pleadings to add new claims, including an ADEA claim, after she exhausts her administrative remedies and as new information becomes available to her. Rodriguez also reserves the right to amend her pleadings to bring this action as a collective action.

28. Defendants knew or should have known of their legal obligations under the FLSA to compensate Rodriguez for all time worked, including paying her at the legally prescribed overtime rate for all time worked in excess of 40 hours per week.

29. Defendants' actions were willful. They knowingly or recklessly disregarded the FLSA's requirements.

30. Defendants did not act in good faith or have a reasonable basis for believing they were compliant with the FLSA.

31. Defendants' actions damaged Rodriguez, and Defendants are (jointly and severally) liable to Rodriguez for the damages and relief requested.

## Damages and Relief Requested

Rodriguez requests that the Court enter judgment against Defendants and award her at least the following damages and relief (to be satisfied jointly and severally): an amount equal to all unpaid wages (including overtime pay) for the three-year period preceding the filing of this action; liquidated damages under the FLSA in an amount equal to all unpaid wages; pre- and post-judgment interest, calculated at the maximum rate allowed by law; costs, expenses, and attorneys' fees (whether characterized as an expense or otherwise); and such other and further relief as allowed by law or as the Court may deem just and proper.

## Demand for Jury Trial

Rodriguez requests a jury trial on all claims and issues.

## Designation of Place of Trial

Rodriguez designates Wichita, Kansas as the place of trial.

5

Respectfully submitted,

By */s/ Boyd A. Byers*
Boyd A. Byers, #16253
Morgan Geffre, #28116
Foulston Siefkin LLP
1551 North Waterfront Pkwy, Ste. 100
Wichita, Kansas  67206-4466
Telephone:  316-267-6371
Facsimile:   316-267-6345
Email: bbyers@foulston.com

*Attorneys for Plaintiff*

6